IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND  *
ALLIED TRADES INDUSTRY PENSION
FUND, *et al.*  *

    Plaintiffs,  *    Civil No.: WMN-13-1452

v.  *

REDSTONE PAINTING COMPANY,  *
L.L.C.
    *
    Defendant.
    *   *   *   *   *   *   *

**REPORT AND RECOMMENDATION**

This Report and Recommendation[1] addresses the Complaint in Confession of Judgment that Plaintiff International Painters and Allied Trades Industry Pension Fund filed against Defendant Redstone Painting Company, L.L.C.. ECF No. 1. For the reasons stated below, I recommend that the Clerk of the Court enter the confessed judgment.

Local Rule 108.1 ("Judgment by Confession") provides:

> A complaint requesting the entry of judgment by confession shall be filed by the plaintiff accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

Loc. R. 108.1.a.

Upon review of the documents required to be submitted by Local Rule 108.1,

the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of

---

[1] On May 28, 2013, in accordance with 28 U.S.C § 636 and Local Rule 301, Judge Nickerson referred this case to me to review Plaintiff's Complaint in Confession of Judgment. ECF No. 4.

the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1.b.

Here, Plaintiff attached to its Complaint a Settlement Agreement dated March 27, 2012 (ECF. No. 1-4), a Promissory Note ("Note") (ECF No. 1-5), and a Warrant of Attorney to Confess Judgment (ECF No. 1-6). These documents constitute the "written instrument[s] authoriz[ing] the confessed judgment and entitl[ing] Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1.a. Plaintiff also attached the Affidavit of Judith Sznyter, Plaintiff's counsel (ECF No. 1-7, ¶¶ 1 & 2), which describes the nature of the instrument and its execution (ECF No. 1-7, ¶¶ 3-5 & 7-9), provides the defendant's address (ECF No. 1-7, ¶ 6), and states that, as of May 16, 2013, the amount due under the Agreement and Note is $82,425.11. *Id.* I find Plaintiff has complied with the requirements of Local Rule 108.1.a.

Plaintiff's Complaint outlines that Defendant failed to pay "fringe benefits contributions and wage deductions to [Plaintiff] for hours worked or wages earned by covered workers," as required by a labor contract. ECF Nos. 1, ¶¶ 10-11 & 1-1. On March 28, 2012, Plaintiff and Defendant executed a Settlement Agreement (ECF No. 1-4), a Promissory Note (ECF No. 1-5) and a Warrant of Attorney to Confess Judgment (ECF No.1-6).[2] These documents establish that Defendant has voluntarily, knowingly, and intelligently waived "the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages." Loc. R. 108.1.b. The Settlement Agreement provides, in part, that

> [i]f [Defendant] does not cure the breach [of the Settlement Agreement] within the allotted grace period, [Plaintiff] will have the right to immediately execute on the Promissory Note and Judgment.

ECF No. 1-4 at 3, ¶ 9.

---

[2] These documents were executed by Rob Knudsen, Defendant's President, on behalf of Defendant.

2

The Promissory Note and the Warrant of Attorney to Confess Judgment each contain the following language, in bold print:

> WARNING: By signing this paper you give up your right to notice and court trial. If you do not pay on time, a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you have against the Fund.

ECF Nos. 1-5 at 2 & 1-6.

Having reviewed the documents submitted by Plaintiff, I find that the documents "prima facie establish . . . a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages." *See* Loc. R. 108.1.b.

I also find that Plaintiff, through its submissions, has established a "meritorious claim . . . for liquidated damages against" Defendant. *See id.* Plaintiff's counsel has submitted an Affidavit for Judgment by Confession (ECF No. 1-7), which provides Plaintiff's calculations for the damages it seeks. To begin, the total debt of Defendant to Plaintiff under the terms of the Settlement Agreement and Promissory Note was $136,064.01. ECF Nos. 1-4, 1-5 & 1-7. Defendant paid Plaintiff a total of $87,442.65. ECF No. 1-7. Plaintiff states that interest on the balance of the total debt remaining, calculated at 4% per annum, compounding monthly from the date of Defendant's last payment through May 8, 2013 amounts to $2,216.35. *Id*. Defendant is also delinquent to Plaintiff in the amount of $21,335.18 for payments it did not make after the Settlement Agreement was executed. *Id*. Plaintiff calculates the interest on the post-settlement delinquencies through May 8, 2013 to be $4,267.04. Finally, Plaintiff claims liquidated damages in the amount of $4,267.04 and attorneys' fees and costs from March 21, 2012 through April 30, 2013 in the amount of $5,926.44. *Id*. The total due to Plaintiff from Defendant is $82,425.11.

I recommend that the Court direct the Clerk to enter the confessed judgment against Defendant Redstone Painting Company, LLC in the amount of $82,425.11.

I further direct the Clerk to provide notice to Defendant of this entry, pursuant to Local Rule 108.1.c, at the following address:

    Redstone Painting Company, LLC
    1413 Fuller Road
    West Des Moines, IA  50265

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:   August 7, 2013　　　　　　　　　　　　　　／s／
                                                Timothy J. Sullivan
                                               United States Magistrate Judge